

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2021
FEBRUARY 23, 2022 SESSION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:22-cr-0041
                                                          18 U.S.C. § 1349
                                                          18 U.S.C. § 1343

WILLIAM T. HURST

## INDICTMENT

The Grand Jury Charges:

### COUNT ONE

#### Introduction

At all times relevant to this Indictment:

1. From at least February 22, 2021, through at least March 23, 2021, defendant WILLIAM T. HURST resided in Hurricane, Putnam County, West Virginia, and within the Southern District of West Virginia.

2. During the above time period, defendant HURST agreed to construct certain outbuildings for individuals residing in the Southern District of West Virginia and elsewhere (herein "customers"). In doing so, defendant HURST would often sign contracts to perform construction under business names such as Hurst Construction LLC or Hurst Contracting. However, a search of the West Virginia Secretary of State's records showed no such businesses with those names were licensed to operate in the State of West Virginia.

3. As part of these agreements, customers would provide defendant HURST with an upfront deposit at or around the time the contract was signed, and before any work began. These payments from customers to defendant HURST were made by check or cash.

4. J.S. and L.S. were customers of defendant HURST and during the period of the conspiracy they resided in Kanawha County, West Virginia.

5. D.H. was a customer of defendant HURST and during the period of the conspiracy he resided in Cabell County, West Virginia.

6. T.S. was a customer of defendant HURST and during the period of the conspiracy he resided in Putnam County, West Virginia.

7. J.D. was a customer of defendant HURST and during the period of the conspiracy he resided in Jackson County, West Virginia.

8. J.J. was a customer of defendant HURST and during the period of the conspiracy he resided in Cabell County, West Virginia.

9. Defendant HURST maintained a bank account at Huntington Bank. On at least one occasion he used Putnam County Bank to cash a customer's check.

10. Putnam County Bank processed their cashed checks in Paducah, Kentucky.

11. Huntington Bank processed their financial transactions in Columbus, Ohio.

**The Conspiracy**

12. From approximately February 22, 2021, through at least March 23, 2021, within the Southern District of West Virginia, and elsewhere, defendant HURST, and others known and unknown to the Grand Jury, knowingly and willfully conspired to commit wire fraud offenses, in violation of Title 18, United States Code, Section 1343.

13. The purpose of the conspiracy was for defendant HURST to enrich himself through a scheme to defraud in which defendant HURST received funds from customers as a down payment for construction work that defendant HURST never intended to perform. Some of the customers would pay defendant HURST with checks and his cashing or depositing of these checks would cause interstate wire transmissions.

**Manner and Means of Conspiracy and Scheme to Defraud**

14. It was part of the conspiracy and scheme to defraud that defendant HURST, and others known and unknown to the Grand Jury, would advertise on websites, such as Facebook and Craigslist, that defendant HURST operated a construction business and could construct outbuildings, such as pole barns, for customers living in the Southern District of West Virginia, and elsewhere.

15. It was further part of the conspiracy and scheme to defraud that after being contacted by customers, defendant HURST, and others known and unknown to the Grand Jury, would communicate with the customers over the telephone or through messaging applications and arrange to meet customers at their residences or other locations in the Southern District of West Virginia.

16. At such meetings, defendant HURST, and others known and unknown to the Grand Jury, would execute written agreements with the customers regarding defendant HURST's construction of outbuildings. In return for defendant HURST's promise to construct an outbuilding pursuant to a written agreement, the customer would provide defendant HURST, and others known and unknown to the Grand Jury, with a down payment in the form of cash or a check. Defendant HURST, and others known and unknown to the Grand Jury, received at least $24,836 from

customers residing in the Southern District of West Virginia between approximately February 22, 2021, and at least March 23, 2021.

17. After signing agreements and receiving deposits from customers, defendant HURST failed to complete any portion of the promised work. When customers contacted defendant HURST, and others known and unknown to the Grand Jury, regarding defendant HURST's failure to begin the construction, defendant HURST, and others known and unknown to the Grand Jury, sent lulling communications to the customers, providing excuses for the failure to begin construction or otherwise promise that construction would begin soon. Defendant HURST, and others known and unknown to the Grand Jury, would eventually stop responding to customers after receiving the customer's deposit.

18. In furtherance of the conspiracy, and to effect the objects thereof, defendant HURST, and others known and unknown to the Grand Jury, committed the following overt acts in the Southern District of West Virginia and elsewhere:

    A. On February 21, 2021, customers J.S. and L.S. met with defendant HURST, and another person known to the Grand Jury, at the residence of J.S. and L.S. in Charleston, Kanawha County, West Virginia, and defendant HURST provided a quote on the cost of building a pole barn on the property of J.S. and L.S. Defendant HURST, and another person known to the Grand Jury prepared and signed a contract with J.S. regarding the construction of the pole barn. The contract required a down payment of $7,050.00 and defendant HURST signed on behalf of "Hurst Construction LLC."

    B. On February 22, 2021, customer L.S. met with defendant HURST, and another person known to the Grand Jury, in Charleston, Kanawha County, West

Virginia, and provided defendant HURST with $7,050.00 in cash, the amount required by the contract signed the prior day.

C. During the following month, J.S. and L.S. repeatedly contacted defendant HURST, and another person known to the Grand Jury, inquiring as to why construction had not begun. Defendant HURST, and another person known to the Grand Jury, responded by sending lulling communications to J.S. and L.S. that provided excuses for the delays. J.S. and L.S. were also sent two photos that purported to show the construction supplies that defendant HURST had purportedly purchased to construct J.S. and L.S.'s pole barn. However, in reality, the photos were only intended to lull J.S. and L.S. into a false sense of security.

D. J.S. and L.S. never received a refund of the $7,050.00 deposit they provided defendant HURST.

E. On or about February 23, 2021, customer D.H. met with defendant HURST in Lesage, Cabell County, West Virginia, and defendant HURST agreed to construct a pole barn on D.H.'s property in Ona, Cabell County, West Virginia. As part of the agreement, on or about February 23, 2021, and at or near Lesage, Cabell County, West Virginia, D.H. paid defendant HURST $3,250.00, which represented a deposit for the construction project.

F. Defendant HURST eventually stopped communicating with D.H. Defendant HURST never started construction on the pole barn and never returned any of D.H.'s money.

G. In March 2021, customer T.S. met with defendant HURST at or near Eleanor, Putnam County, West Virginia, and defendant HURST agreed to construct

a pole barn at T.S.'s residence in Eleanor. As part of the agreement, on March 20, 2021, at or near Eleanor, T.S. provided defendant HURST with a check in the amount of $6,325.00, which represented a deposit for the construction project.

H. On or about March 20, 2021, defendant HURST cashed the $6,325.00 check at the Putnam County Bank in Hurricane, Putnam County, West Virginia.

I. Defendant HURST continued to communicate with T.S. until April 7, 2021. However, after that date defendant HURST stopped responding to T.S.'s communications, never started construction on the pole barn, and never returned any of T.S.'s money.

J. In March 2021, customer J.D. met with defendant HURST at or near Ripley, Jackson County, West Virginia, and defendant HURST agreed to construct a pole barn at J.D.'s residence in Ripley. As part of the agreement, on March 22, 2021, customer J.D. met with defendant HURST at or near Charleston, Kanawha County, West Virginia and J.D. provided defendant HURST with a cashier's check in the amount of $3,861.00, which represented a deposit for the construction project.

K. On or about March 23, 2021, defendant HURST deposited the $3,861.00 cashier's check into defendant Hurst's bank account at the Huntington Bank branch in Teays Valley, Putnam County, West Virginia.

L. Defendant HURST continued to communicate with J.D. until March 27, 2021. However, after that date defendant HURST stopped communicating with J.D., never started construction on the pole barn, and never returned any of J.D.'s money.

M. On March 22, 2021, customer J.J. and defendant HURST met at or near Lesage, Cabell County, West Virginia, and defendant HURST agreed to construct a pole barn on J.J.'s property in Lesage. As part of the agreement, during that meeting customer J.J. paid defendant HURST $4,350.00 in cash, which represented a deposit for the construction project.

N. Defendant HURST eventually stopped communicating with J.J. Defendant HURST never started construction on the pole barn and never returned any of J.J.'s money.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

19. Paragraphs 1 through 18 are incorporated by reference herein.

20. On or about March 20, 2021, at or near Hurricane, Putnam County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant WILLIAM T. HURST, having devised and intended to devise the above-described scheme to defraud, and for the purpose of executing and attempting to execute the scheme to defraud, did cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, to wit, transaction information regarding defendant HURST's deposit of customer T.S.'s check in the amount of $6,325.00, drawn from T.S.'s account at Putnam County Bank, which was deposited in Hurricane, Putnam County, West Virginia and processed in Paducah, Kentucky.

All in violation of Title 18, United States Code, Section 1343.

## COUNT THREE

21. Paragraphs 1 through 18 are incorporated by reference herein.

22. On or about March 23, 2021, at or near Teays Valley, Putnam County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant WILLIAM T. HURST, having devised and intended to devise the above-described scheme to defraud, and for the purpose of executing and attempting to execute the scheme to defraud, did cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, to wit, transaction information regarding defendant HURST's deposit of customer J.D.'s check in the amount of $3,861.00 at the Huntington Bank branch in Teays Valley, Putnam County, West Virginia, and which was processed in Columbus, Ohio.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

1.  The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of giving notice of forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

2.  Notice is hereby given of 18 U.S.C. §§ 981, 982, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including, but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C).

The following property is subject to forfeiture in accordance with Sections 981, 982, and/or 2461(c):

   a.  all property which constitutes or is derived from proceeds of the violations set forth in this Indictment;

   b.  all property involved in such violations or traceable to property involved in such violations; and

   c.  if, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant's to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more grounds stated above: a forfeiture money judgment in the amount of at least $24,836, such amount constituting the proceeds of the violations set forth in this Indictment.

WILLIAM S. THOMPSON
United States Attorney

By: _____
NOWLES H. HEINRICH
Assistant United States Attorney